IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 7, 2004

## CARLOS C. BEASLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P26073     Joseph B. Dailey, Judge**

---

**No. W2004-00652-CCA-R3-PC  - Filed February 7, 2005**

---

The Defendant was convicted by a jury of voluntary manslaughter and especially aggravated robbery. The Defendant received an effective thirty-year sentence for these crimes. This court affirmed the judgments on direct appeal. See State v. Carlos C. Beasley, No. W1999-00426-CCA-R3-CD, 2000 WL 527715 (Tenn. Crim. App., Jackson, May 2, 2000). The Defendant subsequently filed for post-conviction relief on the ground that his trial lawyer provided ineffective assistance of counsel. After an evidentiary hearing, the trial court denied relief. This appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Paul Guibao, Memphis, Tennessee, for the appellant, Carlos C. Beasley.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant's convictions arose out of his attempt to sell some marijuana to the victim in 1997. According to the Defendant, there arose an argument as to the price and the victim pulled a handgun on the Defendant. The two men struggled and the Defendant pulled his own gun. The Defendant shot the victim twice, resulting in the victim's death. The Defendant left the scene, taking the victim's gun with him. The Defendant denied taking any money from the victim, although there was circumstantial proof introduced at the trial that the Defendant stole a significant amount of cash from the victim's pockets before fleeing. See Carlos C. Beasley, 2000 WL 527715, at *1-2.

The Defendant gave a statement to the police in which he admitted shooting the victim but contended that he shot in self-defense. The Defendant was charged with second degree murder and especially aggravated robbery. The jury returned a verdict of voluntary manslaughter and especially aggravated robbery. See id.

The Defendant testified at his trial. The State impeached the Defendant on the basis of two prior convictions: attempted aggravated robbery and aggravated assault. The Defendant had pled guilty to both of these offenses, and they both arose out of an episode in which someone was shot with a handgun during a robbery attempt. In this post-conviction proceeding, the Defendant contends that his lawyer was ineffective because he did not warn him about the State's ability to impeach him on the basis of these two prior convictions if he chose to testify.

The Defendant testified at the post-conviction hearing that he met with his lawyer ("Counsel") fifteen to twenty times prior to his trial. The Defendant was not planning on testifying at his trial, however, Counsel told him it would be in his "best interest" to testify. The Defendant stated that Counsel "never" discussed the State's ability to use prior convictions for impeachment purposes, and maintained that he did not understand what could happen once he chose to take the stand. The Defendant testified that, when Counsel questioned him about his prior convictions during direct examination, he was "just stunned."

Counsel also testified at the post-conviction hearing. He stated that he has been practicing law for over forty years and has tried many criminal cases, including a number of capital cases. He represented the Defendant during his prior guilty plea. Counsel stated that the Defendant did not need to testify at his trial because his statement to the police established his theory of self-defense. Counsel further stated that, at the time, he did not think the Defendant should testify. However, at trial, the Defendant decided to testify. Because Counsel had not planned on calling the Defendant at trial, he had not filed a pretrial motion in order to determine the admissibility of the prior convictions. However, in his opinion, the convictions would have been admissible. Counsel testified that he told the Defendant more than once that he would be subject to impeachment with the prior convictions if he chose to testify.

The trial court took the Defendant's petition under advisement and later issued a written order in which the court denied relief. The order contains the following findings:

> Weighing all the proof presented at the evidentiary hearing and the credibility of the witnesses who testified, it is this Court's opinion that the defendant was fully informed of the likelihood of his prior record being revealed to the jury if he were to testify at trial. While clearly it would have been preferable for a written motion to have been filed challenging the use of those prior convictions, the failure to file that motion does not automatically equate to ineffective assistance of counsel. Based on the testimony and on the proof of all that was done by [Counsel] on behalf of his client in this case and on his insistence that he did in fact advise his client of this issue, it is this Court's opinion that the Petition for Post-Conviction Relief is not well

taken and should be denied. It is this Court's opinion that [Counsel's] representation fell well within the standards set forth in Baxter v. Rose, 523 S.W.2d 930, and subsequent cases.

## STANDARD OF REVIEW

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462; Hellard, 629 SW.2d 4, 8 (Tenn. 1982). The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard, 629 S.W.2d at 9, and counsel's alleged errors should be judged in light of all the facts

and circumstances as of the time they were made.  See Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal.  See Fields v. State, 40 S.W.3d 450, 458 Tenn. (2001).  This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise.  See id.  "However, a trial court's conclusions of law--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions."  Id.

**ANALYSIS**

The Defendant's contention of ineffective assistance of counsel rests on his assertion that his lawyer failed to inform him that, if he testified, the State could impeach his credibility with his prior convictions.  Counsel's testimony contradicts this key fact.  The trial court accredited Counsel's testimony.  The evidence does not preponderate against the trial court's finding that Counsel did, indeed, inform the Defendant about the potential use of his prior convictions if he chose to testify.  Accordingly, the Defendant has failed to prove his allegation of ineffective assistance of counsel by clear and convincing evidence, and this issue is therefore without merit.

The Defendant also makes a vague claim of "prosecutorial misconduct" in conjunction with the State's use of his prior convictions for impeachment purposes.  However, any such claim could have been raised on direct appeal.  Accordingly, it is waived for the purposes of this proceeding. See Tenn. Code Ann. § 40-30-106(g).

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-4-